Filed 6/14/21  P. v. Pomo CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JOSEPH POMO,<br><br>Defendant and Appellant. | H047027<br>(Santa Clara County<br>Super. Ct. No. F1661450) |

Defendant Anthony Joseph Pomo appeals from the judgment entered after a jury convicted him of residential burglary.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  While defendant was serving his prison sentence, counsel sent him written notice of his right to submit a supplemental brief on his own behalf.  Defendant has not done so.  After defendant's release, counsel attempted to communicate with him by sending a letter to his last known residence; the letter was returned as undeliverable.  Our independent review of the record has not revealed any arguable appellate issue.  We therefore briefly describe the underlying proceedings and will affirm the judgment.  (See *People v. Wende* (1979) 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

Defendant was charged with two counts of residential burglary under Penal Code sections 459 and 460.  At trial, the prosecution presented direct evidence to prove the first count:  security camera footage from the burglarized home.  The video showed a distinctive truck pulling into the driveway, the driver knocking at the front door to

confirm no one was there, then entering through a side door, and walking around inside. Law enforcement witnesses testified that the truck was registered to defendant and that defendant's booking photo from an arrest in 2014 matched the individual seen in the security video. The homeowner reported that a gun had been taken from a nightstand, tools were missing from a truck, and delivered packages had been stolen. The evidence for the second count was circumstantial: a couple who was acquainted with defendant both testified that upon discovering a small safe was missing from their home, they began to suspect defendant had taken it. After they texted him to demand he return the valuables from the safe (which included jewelry and several thousand dollars cash), some of the items were anonymously returned.

The defense called several witnesses. One testified defendant was helping him install carpet on the date of the burglary captured on video; another witness remembered seeing him installing carpet but could not recall the precise date. A woman defendant lived with (a friend of the couple whose safe was stolen) testified that it was actually she who took the safe.

The jury found defendant guilty on count one and acquitted him on count two. The trial court sentenced him to the lower term of two years in state prison and imposed fines and fees. Defendant was also ordered to pay victim restitution of $1,225.

## DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Elia, Acting P. J.

_____

Danner, J.

H047027 - *The People v. Pomo*